IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE C. PERRY, | ) | CASE NO. 1:08 CV 2216 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Christine C. Perry, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Perry had severe impairments consisting of diabetes mellitus and a history of carpal tunnel syndrome.[1] The ALJ decided that Perry had the residual functional capacity to perform the full range of sedentary work.[2] He determined that this residual functional capacity did not preclude Perry from performing her past relevant work as a human resources manager or finance manager.[3] The ALJ, therefore, found Perry not under a disability.

---

[1] Transcript ("Tr.") at 14.

[2] *Id.* at 15.

[3] *Id.* at 18.

Perry asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Perry presents three issues for judicial review:

- Does substantial evidence support the ALJ's finding that Perry did not meet the listed impairment in § 9.08A of Appendix 1?

- Did the ALJ articulate a valid basis for giving less weight to the opinion of Perry's treating physician, Taras Mahlay, M.D., than to that of the medical expert?

- Does substantial evidence support the ALJ's credibility finding?

I conclude that substantial evidence supports the ALJ's finding that Perry's impairments do not meet or equal a listing.  I further conclude that substantial evidence supports the ALJ's decision to give more weight to the opinion of the medical expert than to the opinion of the treating physician.  Finally, I conclude that substantial evidence does not support the ALJ's credibility finding because the ALJ failed to consider factors in the regulations beyond the objective medical evidence identified and articulate with respect to those factors.  The case, therefore, must be remanded for reconsideration of the credibility finding.

**Analysis**

As counsel for Perry conceded at the oral argument, the listing argument is not a strong one.  Although Perry argues in the brief that the error relates to the finding that she did not meeting a listing, counsel argued at oral argument that the challenged finding was

...

that she did not equal a listing. Either way, Perry having the burden of proof,[4] substantial evidence supports the finding that she did not meet or equal the listing for diabetes mellitus because she did not have neuropathy demonstrated by significant and persistent disorganization and motor functions in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station.[5]

Regarding the weight given to the treating physician's opinion, a medical expert testified that the extreme limitations opined by the treating physician were not supported by the treatment notes.[6] In fact, the treatment notes contain numerous references to the fact that Perry's diabetes was well controlled and that she developed hypoglycemia only when she deviated from the prescribed diet regimen by not eating regularly scheduled meals.[7] Although there are references in Dr. Mahlay's treatment notes to problems with hypoglycemia,[8] they are scattered over several years and do not evidence a consistent, ongoing problem absent compliance with the prescribed diet and medication regimen. Substantial evidence supports the ALJ's decision to follow the testimony of the medical expert.

---

[4] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

[5] 20 C.F.R., Part 404, Subpart P, Appendix 1, § 9.08A.

[6] Tr. at 436.

[7] *Id.* at 131, 135, 141, 144, and 345.

[8] *Id.* at 128, 137, 141, 295, and 345.

The credibility issue is problematic, however. In my decision in *Cross v. Commissioner*,[9] I discussed in detail the proper analytical framework for assessing credibility. That discussion underscores that, although objective medical evidence is important in the credibility determination,[10] and that the discretion afforded to the ALJ's decision is broad and should not be disturbed absent compelling reasons,[11] the ALJ must nevertheless consider factors beyond the objective medical evidence as set out in the regulations and clearly articulate with respect to those factors.[12]

Here, the ALJ made a blanket statement that he found Perry less than credible for the reasons set out below.[13] The discussion that follows centers primarily, if not exclusively, on the objective medical evidence.[14] It does not provide a unified statement explaining his finding in terms of the factors set forth in the regulation. It is not specific enough to permit me to trace the path of the ALJ's reasoning as to credibility.

Credibility is important because Perry testified that her problems with hypoglycemia forced her to constantly monitor her blood sugar level through tests.[15] In fact, at the hearing,

---

[9] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 732-34 (N.D. Ohio 2005).

[10] *Id.* at 732.

[11] *Id.*

[12] *Id.* at 732-33.

[13] Tr. at 16.

[14] *Id.* at 16-18.

[15] *Id.* at 440-41.

she tested her blood sugar multiple times in the 45-minute duration of the meeting.[16] The vocational expert testified that frequent testing would eliminate the jobs available under the residual functional capacity.[17] Dr. Mahlay testified that she was a brittle diabetic, indicating that she had significant difficulty maintaining safe blood levels, particularly at the low end.[18] Although the objective evidence may be to the contrary, under the regulations and rulings, the ALJ had a duty to "evaluate subjective complaints to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence."[19] Here the ALJ's credibility analysis does not go beyond the objective medical evidence as the rules and regulations require.

Although a remand here may very well be a vain act to clear up a technicality, as the Commissioner's counsel argues, the ALJ's failure to follow the Agency's procedural rule prevents "meaningful review" of the credibility decision. The case, therefore, must be remanded for reconsideration of the credibility finding.[20]

---

[16] *Id.*

[17] *Id.* at 453.

[18] *Id.* at 325.

[19] *Cross*, 373 F. Supp. 2d at 732.

[20] *Blakley v. Comm'r of Soc. Sec.*, ___ F.3d ___, 2009 WL 3029653, at *9 (6th Cir. Sept. 24, 2009), quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

**Conclusion**

Based on the foregoing, the Court concludes that the ALJ's finding that Perry's impairments do not meet or equal a listing has the support of substantial evidence. Furthermore, the ALJ's decision to give more weight to the opinion of the medical expert than to the opinion of the treating physician is also supported by substantial evidence. The ALJ's credibility finding, however, does not have the support of substantial evidence. The decision of the Commissioner denying Perry's application for disability insurance benefits, therefore, is reversed. The case is remanded for reconsideration of the credibility finding, giving proper consideration to the factors beyond the objective medical evidence set out in the regulations and for clear articulation with respect to those factors. If the credibility finding is modified on remand, then the ALJ should reconsider the finding at step four of the sequential evaluation process to the extent that such modification affects the residual functional capacity finding.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[21] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated:  September 28, 2009                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[21] 28 U.S.C. § 2412(d)(1)(A).